IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,
v.                                           CASE NO. 5:11-cr-42-RS

AVINIE MAURICE BATES, III,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Cancel Restitution Judgment Being Applied to Doc 267, 277 According to Rule 60 (Doc. 300) and Defendant's request for a hearing regarding a vehicle taken by the Government to partially satisfy the restitution judgment (Doc. 299). In his motion to cancel restitution, Defendant asserts that his counsel's representation during the restitution proceedings was ineffective and that the procedures set out in 18 U.S.C. § 3664 were not followed. He argues that since the bank victims did not file affidavits stating the amounts of their losses, restitution should not have been ordered. However, 18 U.S.C. § 3664(g) provides that "[n]o victim shall be required to participate in any phase of a restitution order." Further, 18 U.S.C. § 3664(d)(2)(A)(vi) does not require that victims file affidavits as a condition precedent to restitution being ordered, but rather requires the probation officer, to the extent possible, to notify victims of the

opportunity to file such an affidavit. 18 U.S.C. § 3663A(a)(1) *required* me to order Defendant to make restitution to the victims of the offense.

In any case, Defendant's conviction and sentence have been appealed to the Eleventh Circuit. *See* Doc. 281. Thus, his appeal is the correct venue for arguing that the order of restitution was improper and post-appeal, post-conviction collateral relief proceedings are the appropriate venue to challenge the effectiveness of counsel. *See* Docs. 257 & 269. Accordingly, the Motion to Cancel Restitution Judgment Being Applied to Doc 267, 277 According to Rule 60 (Doc. 300) is **DENIED without prejudice** to Defendant to file a motion to vacate if necessary after the disposition of the direct appeal.

To partially satisfy the restitution judgment, a Writ of Execution was issued as to Defendant's 1999 Lincoln Navigator. Doc. 292. Defendant was notified that he had "the right to ask the court to return [his] property to [him] if [he] think[s] the property the Government is taking qualifies under one of the attached exemptions." Doc. 299. Defendant checked the box next to "Yes, I wish to have a hearing." However, Defendant did not claim any of the exemptions listed, which are the only exemptions available. Accordingly, there is no need to hold a hearing on the matter. If Defendant wishes to have a hearing to reassert his innocence, that wish will not be granted because the Eleventh Circuit is the proper venue for testing the sufficiency of the evidence which led to Defendant's conviction. A

hearing would only have addressed the applicability of the available exemptions listed in the notice. Accordingly, Defendant's request for a hearing is **DENIED**. Defendant is again encouraged to channel his efforts toward achieving success on his direct appeal. Should his direct appeal fail, then will be the appropriate time to bring motions for post-conviction relief in this forum.

**ORDERED** on March 26, 2013.

>  <u>**/s/ Richard Smoak**</u>
>  **RICHARD SMOAK**
>  **UNITED STATES DISTRICT JUDGE**